# Lilley *against* Torbet.

One who has been arrested for debt prior to the passage of the Act of 12th July
1842, and given bond and filed his petition for the benefit of the Insolvent Laws,
is not relieved from his obligation to appear and prosecute his application at the
time appointed by the Court, by the passage of that Act before that time arrived;
and upon his failure to appear, he and his surety are liable upon their insolvent
bond.

ERROR to the District Court of *Crawford* county.

This was an action of debt brought by Torbet and M'Fadden
against Jonathan Lilley and John C. Humes, upon a bond dated
23d May 1842, with condition reciting that " whereas the said
Jonathan Lilley has been arrested in execution at the suit of the
said Torbet and M'Fadden for the debt of $91.29, and 72½ cents
costs, Now the condition of this bond is such, that if the said
Jonathan Lilley shall appear at the next term of the Court of
Common Pleas of the said county, and then and there present his
petition for the benefit of the insolvent laws of this Commonwealth,
and comply with all the requisitions of said laws, and abide all
the orders of said Court in that behalf; or in default thereof, and
if he fail in obtaining his discharge as an insolvent debtor, that he
shall surrender himself to the jail of said county, then this obliga-
tion to be void, otherwise to remain in full force and virtue;"
which was given in evidence in this cause.

The defendants then gave in evidence the petition of Jonathan
Lilley for the benefit of the insolvent laws, presented to the Court
of Common Pleas on the 11th August 1842, it being the Thursday
after the second Monday of August, during the sitting of the Court
at the August term, the next succeeding term after the date of the
said bond.   Whereupon the Court made the following order,
endorsed on said petition :  "Aug. 11, 1842; second Monday of

November next for hearing. Notice in a paper printed in Crawford county three times, the last fifteen days before hearing, and personal notice on creditors in Erie county."

The court charged the jury as follows :

" The bond on which this suit is brought, dated the 23d May 1842, provided for the presentation, &c., at August term, of a petition by Jonathan Lilley to take the benefit of the insolvent laws of this Commonwealth. Previous to this period, and on the 12th July 1842, the non-imprisonment law passed. What effect has this law on our case ? We think it decisive of it in favour of the defendant. We think the process to be observed in taking the benefit of the insolvent laws of the Commonwealth is but a continuance of the original arrest—mitigated, to be sure—a temporary relaxation of the arrest; and that the original process continues throughout to operate. The Act of July nullifies the original process, so far as the effect of the arrest goes; it is cut off and ended by it. We think the principal, after the passage of this Act, was not bound in discharge of his bail to proceed to take the benefit of the Act; and that although he did not proceed to take the benefit of the Act, or surrender himself, the plaintiff is not entitled to recover."

Error assigned :

In deciding that after the passage of the Act of July 1842, the principal was not bound in discharge of his bail to proceed to take the benefit of the insolvent law ; and that although he did not do it or surrender himself, the plaintiff is not entitled to recover.

*Pearson*, for the plaintiff in error, cited 17th sec. Act 12th July 1842 ; 1 *Watts & Serg.* 379 ; 1 *P. R.* 267 ; 1 *Ashm.* 102 ; 4 *Watts* 69 ; 6 *Watts* 508.

*Derrickson*, contra.

The opinion of the Court was delivered by

SERGEANT, J.—It is not easy to perceive how this case can be brought within the purview of the 17th section of the Act of the 12th July 1842. That section provides only for those persons who should be in prison at the time the Act should take effect. The insolvent here was not in prison at that time, and therefore does not come within the words of the Act. Nor does it seem to me that any construction can be given to the Act which should embrace him. The bond had been given before the passage of the Act, and the creditor had acquired a vested right in it. And the case should be a strong one which would justify us in supposing that the Legislature meant to act retrospectively as to past transactions. Besides, it does not seem to be substantially the same case as that of a person then in prison. The Judge of the court is not empowered to issue a habeas corpus under the 17th section

[Lilley v. Torbet.]

for any person not in custody, nor, under the 3d section, to receive an affidavit of the plaintiff to obtain a warrant of arrest, nor grant a hearing, nor grant a warrant of arrest, should any of the cases exist which are provided for in the 3d section. So that it would operate to give the debtor a discharge under all circumstances, when a person actually under arrest at the passage of the law is still liable to the continuance of that arrest, unless he complies with some of the various provisions for securing the debt, or not removing or assigning his property, or for taking the benefit of the Insolvent Act. I see no reason to believe that the Legislature intended to provide for cases of this kind. I rather think they intended to leave all that was past and done on the footing it then stood upon. If they had intended to provide for a case of this description, they would have made a special provision in respect of it.

Judgment reversed, and *venire facias de novo* awarded.